## STATE COURT OF APPEALS—Continued

reserves to himself the control of part of the premises, for common use of tenants, such as stairways, halls or walks, he is obligated to maintain such parts in a reasonably safe condition, obtains here.

Judgment of Common Pleas affirmed.

Attorneys—Staley and Trunko for Foti; Benner, Harter, Walker & Watters for Lewis, all of Akron.

---

### No. 126

### NEWBURG RY. CO. v. FRENCH Et

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5876.   Decided Nov. 3, 1924.

**1010.   REFERENDUM—Prior filing of proposed ordinance necessary before that of petition of referendum.**

**1277.   WORDS AND PHRASES—"Proposed ordinances" construed as being one passed by council as well as one to be initiated.**

PER CURIAM

#### Epitomized Opinion
Published only in Ohio Law Abstract

This case came into this Court on Appeal; and the petition asks that the Deputy State Supervisors of Elections of the County of Cuyahoga, be restrained from submitting to the electors of Cuyahoga Heights, Ohio, a referendum which they propose to submit, unless enjoined. The referendum is on an ordinance passed by the council of Cuyahoga Heights granting the Newburg & South Shore Ry. Co. the right to lay a switch across a street in said village.

The Ry Co. contends that prior to the circulation of the referendum, the filing of the proposed ordinance with the village clerk is necessary, to be in compliance with 42276 GC, and the Supervisor's failure to do so is fatal to the validity of the referendum petition; and they should be permanently restrained from submitting same to voters at the next election.

The Deputy State Supervisors maintain that the words of the statute are: to file a duly verified copy of the "proposed ordinance", and since the Council of Cuyahoga Heights had already passed said ordinance how was it possible to classify it as being a proposed ordinance.

The Court of Appeals held:

The phrase "proposed ordinance" relates to both an ordinance to be initiated and also to an ordinance passed by the council but upon which a referendum is sought. It has no force or effect and is dependent upon the action of the people, and until the decision is had by the voters it is properly denominated a purposed ordinance.

Because of failure to comply with the statutory requirement the Supervisors of Election are permanently enjoined from submitting the proposal to the voters at the election.

Attorneys—Squire, Sanders & Dempsey for Ry. Co.; Stockwell for French et., all of Cleveland.

---

### No. 127

### FRENCH BROS.-BAUER CO. v MOTOR CAR CO.

Ohio Appeals, 1st Dist., Hamilton County

No. 2227.   Decided July 16, 1923.

**1162.   TESTIMONY—To contradict witness by proving statements out of court in contravention with testimony, he must first be cross-examined as to time, place and persons involved in supposed contradiction.**

CUSHING, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

This action was begun in the Municipal Court of Cincinnati. In that court the French Bros.-Bauer Co. endeavored to recover damages from the R. & G. Motor Car Co., when a motor car owned by the last named corporation struck a milk wagon owned by the French Bros.-Bauer Co. with such force as to tear the wagon bed loose, throw the horse to the ground and to scatter the milk in all directions. The jury returned a verdict in favor of the Milk Co. The Motor Car Co. prosecuted error in the Common Pleas where the judgment was reversed and held for naught.

Joe Clark, driver of the motor car averred the accident occured while he was returning from supper, and a witness for the opposite party, one Kallmeyer testified that after the accident, while in the R. & G. garage he heard Clark tell others that he had carried passengers on that trip who had liquor on them, and he (Clark) also had some liquor. It is claimed by the Car Co. on prosecuting to the Court of

Appeals, that introduction of this evidence to impeach Clark's testimony was erroneous.

The Court of Appeals held:

1. Before a witness can be contradicted by proving statements out of court at variance with his testimony, he must first be inquired of on cross-examination as to such statement, 20 Ohio 88. The one exception to this rule is the case of offering a deposition of the witness intended to be impeached.

Under the circumstances this testimony was prejudical to the Motor Car Co. and therefore judgement of Common Pleas was affirmed. Special mandate issued to said court, directing it to remand case to Municipal Court for new trial.

Attorneys—Mallon & Vordenberg and Harry E. Marble for French Bros.-Bauer Co.; Harmon, Colston, Goldsmith & Hoadly for R. G. Motor Car Co. all of Cincinnati.

---

No. 128
CIN. TRAC. CO. & N. W. CO. v. COCHRAN
Ohio Appeals, 1st Dist., Hamilton County
No. 2225 Decided July 16, 1923.

1235. VERDICT—Of jury legal, when words "equally divided" construed as mere surplusage.

BURCHWALTER, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Original action was for damages in the Hamilton Common Pleas; brought by Irene Cochran against The Cincinnati Traction Co. and The Norfolk and Western Railway Co. for injuries received as a result of the joint negligence of said companies. Cochran obtained judgment for $3000: and error is prosecuted to reverse judgment.

The following are the grounds of error alleged by plaintiffs:

1. Verdict of jury was illegal because of apportionment of damages, the judgment being joint.

2. Lower court erred in overruling motion of Railway Co. to dismiss it from cause.

3. The verdict was excessive.

The Court of Appeals held:

1. The jury in its verdict inserted the words "equally divided" as to the damages assessed against both companies. These words were surplusage and it was not reversible error to enter joint judgment on such a verdict.

2. Evidence showed that negligence of Traction Co. together which that of Railway Co. created the situation which resulted in the injury of Cochran. There was sufficient evidence of negligence against the Railway Co. to warrant the submission of the case to the jury.

3. Verdict and judgment are against the weight of evidence. The evidence will not support a verdict exceeding $2000.

If Cochran remits $1000 from the judgment it will be affirmed; otherwise judgment will be reversed on the weight of the evidence. Judgment accordingly.

Attorneys—John M. McCaslin, for Traction Co.; Hollister & Hollister for Railway Co.; Charles M. Leslie and Thos. L. Michel for Cochran. All of Cincinnati.

---

No. 129
WARREN ET v. STATE
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5523. Decided Nov. 3, 1924.

582. GRAND LARCENY—Rebuttal testimony, tending to impeach accused, held inadmissible and ground for reversal.

SULLIVAN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

The original action was in the Cuyahoga Common Pleas by the State against Josephine Warren, and Margaret Marvin for grand larceny. It appears that the State in rebuttal offered substantial testimony to the effect that 3 months before the commission of the offense named in the indictment, Warren and Marvin were in the store in Cleveland where the larceny was committed. The apparent purpose of this rebuttal testimony was to contradict and impeach the defendants; because testimony on cross-examination showed that they had not been in Cleveland previous to the date of commission of the crime and that defendants were in the store on the date of commission of the crime was not in the issue.

Further, certain exhibits not offered in evidence and known as the subject matter of the larceny were given to the jury on departure from the court room for deliberation and retained by them during their consideration of the case. Warren and Marvin seek to reverse the verdict of guilty rendered in the lower court, based on the above grounds.

The Court of Appeals held:

1. It is well settled that impeachment will not lie even in a criminal case upon a matter inmaterial to the issue.

2. Such rebuttal testimony affecting the credibility of the witnesses, was prejudical to them, and as to being incompetent, admits no doubt.

Judgment of Common Pleas reversed.

Attorneys—George W. Spooner for Warren et; E. C. Stanton for State; all of Cleveland.